LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
E-mail: dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

LAW OFFICE OF JAMES S. TERRELL
James S. Terrell, Esq. (SBN: 170409)
Email: jim@talktoterrell.com
15411 Anacapa Road
Victorville, CA 92392
Tel: (760) 951-5850
Fax: (760) 952-1085

LAW OFFICE OF SHARON J. BRUNNER
Sharon J. Brunner, Esq. (SBN: 229931)
Email: sharonjbrunner@yahoo.com
14393 Park Avenue, Suite 100
Victorville, CA 92392
Tel: (760) 243-9997
Fax: (760) 843-8155

# UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

MARIA STOFFLET; H.L., a minor, by and through her guardian *ad litem* Juan Lozano; N.L., a minor, by and through her guardian *ad litem* Christopher Lopez, in each case individually and as a successor in interest to Betty Lozano, deceased,

                           Plaintiffs,

v.

COUNTY OF SAN BERNARDINO; and DOES 1-10, inclusive.

                           Defendants.

Case No.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1. Fourth Amendment—Excessive Force (42 U.S.C. § 1983)

2. Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983)

3. Eighth Amendment—Cruel and Unusual Punishment (42 U.S.C. § 1983)

4. Fourteenth Amendment—Substantive Due Process (42 U.S.C. § 1983)

5. Municipal Liability— Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)

6. Municipal Liability—Ratification (42 U.S.C. § 1983)

7. Municipal Liability—Failure to Train (42 U.S.C. § 1983)

8. Violation of Americans with Disabilities Act

9. Negligence—Wrongful Death

10. Battery

11. Violation of Bane Civil Rights Act (Cal Civ. Code § 52.1)

12. Negligence—Professional Medical
   Malpractice
13. Failure to Summon Medical Care
   (Cal. Gov't. Code § 845.6)

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES

COME NOW, Plaintiffs Maria Stofflet; H.L., a minor, by and through her guardian *ad litem* Juan Lozano; and N.L., a minor, by and through her guardian *ad litem* Christopher Lopez, in each case individually and as a successor in interest to Betty Lozano, deceased, for their Complaint against defendants County of San Bernardino, including its High Desert Detention Center, and Does 1-10, inclusive, and allege as follows:

### JURISDICTION AND VENUE

1.    This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because the parties reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of San Bernardino, California.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**INTRODUCTION**

3.     This civil rights and state tort action seeks compensatory and punitive damages from defendant County of San Bernardino for violating various rights under the United States Constitution and California law in connection with the in-custody death of Plaintiffs' daughter and mother, Betty Lozano, on July 26, 2017.

**PARTIES**

4.     At all relevant times, Betty Lozano ("DECEDENT") was an individual residing in the County of San Bernardino.

5.     MARIA STOFFLET ("STOFFLET") is an individual residing in the County of San Bernardino, California, and was at all relevant times the natural mother of DECEDENT. STOFFLET sues in her individual capacity as the mother of DECEDENT. STOFFLET seeks both survival and wrongful death damages under federal and state law.

6.     H.L. is an individual residing in the County of San Bernardino, California and is the natural daughter of DECEDENT. H.L. brings this action in her individual capacity as the natural child of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60. H.L. seeks both survival and wrongful death damages under federal and state law.

7.     N.L. is an individual residing in the County of San Bernardino, California and is the natural daughter of DECEDENT. N.L. sues both in her individual capacity as the natural child of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60.  N.L. seeks both survival and wrongful death damages under federal and state law.

3

Case No.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

8.      At all relevant times, defendant COUNTY OF SAN BERNARDINO ("COUNTY") is and was a duly organized public entity, form unknown, existing under the laws of political subdivision for the State of California with the capacity to be sued. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, and employees, including the San Bernardino County Sheriff's Department ("SBCSD") and its agents and employees. At all relevant times, defendant COUNTY was responsible assuring that the actions, omissions, policies, procedures, practices, and customs of the COUNTY and its employees and agents complied with the laws of the United States and the State of California. At all relevant times, COUNTY was the employer of defendants DOES 1-10.

9.      Defendants DOES 1-2 ("SBCSD DOE DEPUTIES") are deputies for the SBCSD. SBCSD DOE DEPUTIES were acting under color of law within the course and scope of their duties as deputies for the SBCSD. SBCSD DOE DEPUTIES were acting with the complete authority and ratification of their principal, Defendant COUNTY.

10.     Defendants DOES 3-6 ("DOE CORRECTIONAL OFFICERS") are correctional officers for the High Desert Detention Center ("HDDC"), including those employed as nurses and other medical professionals, officers responsible for identifying medical and mental health issues and providing medical attention, medical screening, and medical care to inmates. DOE CORRECTIONAL OFFICERS also include those responsible for transporting inmates within the facility. DOE CORRECTIONAL OFFICERS were acting under color of law within the course and scope of their employment with the HDDC. DOE CORRECTIONAL OFFICERS were acting with the complete authority and ratification of their principal, Defendant COUNTY.

11.     Defendants DOES 7-8 ("HDDC DOE SUPERVISORS") are supervisory deputies for the HDDC who were acting under color of law within the course and scope of their employment with the HDDC. HDDC DOE SUPERVISORS were acting with the complete authority and ratification of their principal, Defendant COUNTY. HDDC DOE SUPERVISORS include those charged with coming up with the policies regarding medical care and medical screening, providing training on medical care and medical screening, and supervising nurses and medical professionals at HDDC.

12.     Defendants DOES 9-10 ("SBCSD DOE SUPERVISORS") are managerial, supervisorial, and policymaking employees of the SBCSD.  At the time of the incident, SBCSD DOE SUPERVISORS were acting under color of law within the course and scope of their duties for the SBCSD.  SBCSD DOE SUPERVISORS were acting with the complete authority and ratification of their principal, Defendant COUNTY.

13.     Defendants DOES 1-10 are sued in their individual capacities.

14.     On information and belief, Defendants DOES 1-10 were residents of the County of San Bernardino, California.

15.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of defendant COUNTY and its sheriff's department and detention center.

16.     The true names and capacities of DOES 1-10 are unknown to Plaintiffs, who otherwise sue these defendants by such fictitious names.

17.     All of the acts complained of herein by plaintiffs against defendants were done and performed by said defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, defendants and their agents ratified all of the acts complained of herein.

18.    On or about September 26, 2017, Plaintiffs filed a comprehensive and timely claim for damages with the County of San Bernardino pursuant to applicable sections of the California Government Code.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

19.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 18 of this Complaint with the same force and effect as if fully set forth herein.

20.    On July 26, 2017, at approximately 4:27 p.m., SBCSD DOE DEPUTIES detained and arrested DECEDENT, who was the mother of two young children and who suffered from bipolar disorder.  SBCSD DOE DEPUTIES arrested DECEDENT based on a suspicion that she was under the influence.

21.    After arresting DECEDENT, SBCSD DOE DEPUTIES transported DECEDENT to the HDDC.  On information and belief, DECEDENT began to suffer from a medical emergency either in the back of the police unit during transport or upon arrival at the HDDC.  Despite this medical emergency, SBCSD DOE DEPUTIES and/or HDDC DOE CORRECTIONAL OFFICERS brought DECEDENT into the facility in a wheelchair.  DECEDENT was clearly unconscious or semi-conscious at this time, as shown in part by the fact that her feet dragged on the pavement and the wheelchair provided did not have footplates.

22.    Upon arrival to HDDC, DECEDENT was not provided with medical care, nor was she immediately screened by a nurse to evaluate her overall physical fitness for incarceration.  This is a clear violation of the policies of HDDC.

23.    On information and belief, DECEDENT did not have the capacity in her unconscious or semi-conscious state to complete the screening process or provide consent for blood draws.  DECEDENT was given three ammonia sticks in order for her to be alert without success.

24.  DECEDENT was naked from the waist down, was not provided clothing, and was not covered in any way.  DECEDENT remained in this undignified condition throughout her entire time at HDDC.  It is presumed that numerous staff and inmates witnessed DECEDENT unconscious and naked.  This goes to the overall disrespect and willful disregard COUNTY, SBCSD, HDDC, and DOES 1-10 had for DECEDENT.

25.  HDDC DOE CORRECTIONAL OFFICERS then carelessly and negligently dumped DECEDENT out of the wheelchair onto the floor of the sobering cell.  DECEDENT began to twitch, vomit, and defecate on herself in the sobering cell while unconscious.  On information and belief, DECEDENT was still not provided with any medical care or screening, including not having her vital signs taken. Any medical attention that may have been provided was woefully inadequate given DECEDENT'S critical nature at the time of her incarceration.  Despite DECEDENT's condition, no staff member at HDDC sought outside medical attention for DECEDENT. A video recording taken at HDDC will confirm that DECEDENT's overall health and condition declined over several hours without any medical attention from anyone at HDDC.

26.  DECEDENT stopped breathing around 8:50 p.m. on the date of the incident.  Due to the absence of or utter insufficiency of the medical care provided to DECEDENT, DECEDENT died.

27.  The use of force against DECEDENT was excessive and objectively unreasonable under the circumstances, specifically the handling of her unconscious body and dumping it to the floor, especially because DECEDENT was unconscious, defenseless, and vulnerable at the time.

28.  Defendants were negligent in their conduct, including but not limited to their procedures for intake of the mentally ill and those in need of emergency medical care and their training with regard to providing medical care and handling persons with disabilities such as bipolar disorder.

29.    DOES 1-10 were integral participants in the use of excessive force against DECEDENT, denial of medical care, cruel and unusual punishment, and negligent treatment of DECEDENT, or failed to intervene to prevent these violations.

**FIRST CLAIM FOR RELIEF**

**Fourth Amendment—Excessive Force (42 U.S.C. § 1983)**

(Plaintiffs H.L. and N.L. v. Defendants SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS)

30.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 29 of this Complaint with the same force and effect as if fully set forth herein.

31.    The Fourth Amendment of the United States Constitution guarantees all persons the right to be free from unreasonable or excessive force. 42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

32.    Defendants SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS acted under color of law.

33.    Defendants SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS used excessive and unreasonable force against DECEDENT when they allowed her feet to drag on the floor in her unconscious or semi-conscious state, dumped her from the wheelchair onto the floor of the sobering cell, and subjected her to blood draws and ammonia sticks without her consent. DECEDENT was did not pose an immediate threat of death or serious bodily injury to any person—rather, she was unconscious or semi-conscious—at the time that force was used against her.

34.    Defendants SBCSD DOE DEPUTIES' and DOE CORRECTIONAL OFFICERS' use of force violated DECEDENT's right to be secure in her person against unreasonable or excessive force as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the

Fourteenth Amendment.

35.    Defendants SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS are liable for the DECEDENT's injuries and death, as well as Plaintiffs' injuries, either because they were integral participants in the wrongful conduct that caused DECEDENT's injuries and death, or because they failed to intervene to prevent these violations.

36.    As a direct and proximate result of the aforementioned conduct, DECEDENT suffered injuries, including pain and embarrassment and humiliation and then died and lost her earning capacity. Also as a direct and proximate cause of the acts of SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS, all plaintiffs suffered emotional distress, mental anguish, and pain.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

37.    The conduct of defendants SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS, including dumping DECEDENT from the wheelchair onto the floor of the sobering cell, was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages.

38.    Plaintiffs N.L. and H.L. bring this claim as successors in interest to DECEDENT and seek survival and wrongful death damages under this claim.  Plaintiffs seek damages, including for DECEDENT's pain and suffering, loss of earning capacity, and loss of enjoyment of life.  Plaintiffs also seek reasonable costs, funeral and burial expenses, and attorney's fees under 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment—Denial of Medical Care (42 U.S.C. §1983)

(Plaintiffs H.L. and N.L. v. Defendants SBCSD DOE DEPUTIES and HDDC DOE CORRECTIONAL OFFICERS)

39.     Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40.     The Fourth Amendment of the United States Constitution requires law enforcement and custodial officers to provide reasonable post-arrest care, and to promptly summon medical care.  42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

41.     Defendants SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS acted under color of law.

42.     Defendants SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS, including those employed as nurses or officers responsible for medical screening at HDDC, did not promptly identify DECEDENT's medical and mental health issues, did not timely summon medical care, and did not permit medical personnel to treat DECEDENT.

43.     The denial or delay of medical care violated DECEDENT's right to prompt medical care as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

44.     Defendants knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury, the unnecessary and wanton infliction of pain, or death, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

45.     Defendants SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS are liable for the denial of medical care to DECEDENT, and for her injuries

Case No.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

and death, either because they were integral participants in the denial or delay of medical care, or because they failed to intervene to prevent these violations.

46.    As a direct and proximate result of the aforementioned conduct, DECEDENT suffered injuries, including pain and suffering, embarrassment and humiliation, and then died and lost her earning capacity. Also as a direct and proximate cause of the acts of SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS, all plaintiffs suffered emotional distress, mental anguish, and pain. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

47.    The conduct of Defendants SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages.

48.    Plaintiffs N.L. and H.L. bring this claim as successors in interest to DECEDENT and seek survival and wrongful death damages under this claim.  Plaintiffs seek damages, including for DECEDENT's pain and suffering, loss of earning capacity, and loss of enjoyment of life.  Plaintiffs also seek reasonable costs, funeral and burial expenses, and attorney's fees under 42 U.S.C. § 1988.

### THIRD CLAIM FOR RELIEF

### Eighth Amendment—Cruel and Unusual Punishment (42 U.S.C. § 1983)

(Plaintiffs H.L. and N.L. v. Defendants SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS)

49.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 48 of this Complaint with the same force and effect as if fully set forth herein.

50.    Defendants acted under color of law and within the course and scope of their duties as COUNTY employees.

51.    Defendants' conduct as alleged above violated the Eighth Amendment to the United States Constitution, which is made applicable to the states by the Fourteenth Amendment, including: (1) allowing DECEDENT's feet to drag on the ground while she was being transported in a wheelchair in an unconscious or semi-conscious state, (2) dumping her roughly onto the floor of the holding cell, (3) leaving her naked from the waist down, (4) not providing her with a medical screening for fitness for incarceration, (5) not addressing her issue of bipolar disorder, (6) not providing her with medical attention and care.

52.    As a direct and proximate result of the aforementioned conduct, DECEDENT suffered injuries, including pain and suffering, embarrassment and humiliation, and then died and lost her earning capacity. Also as a direct and proximate cause of the acts of SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS, all plaintiffs suffered emotional distress, mental anguish, and pain. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

53.    The conduct of Defendants SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages.

54.    Plaintiffs N.L. and H.L. bring this claim as successors in interest to DECEDENT and seek survival and wrongful death damages under this claim.  Plaintiffs seek damages, including for DECEDENT's pain and suffering, loss of earning capacity, and loss of enjoyment of life.  Plaintiffs also seek reasonable costs, funeral and burial

expenses, and attorney's fees under 42 U.S.C. § 1988.

## FOURTH CLAIM FOR RELIEF

**Fourteenth Amendment—Substantive Due Process, Interference with Familial Relations (42 U.S.C. § 1983)**

(All Plaintiffs v. Defendants SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS)

55.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 54 of this Complaint with the same force and effect as if fully set forth herein.

56.    Plaintiffs had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in their familial relationship with their mother and daughter, DECEDENT.

57.    The aforementioned actions of defendants SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

58.    SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS thus violated the substantive due process rights of plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT, their mother and daughter.

59.    As a direct and proximate cause of the acts of SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS, all plaintiffs suffered emotional distress, mental anguish, and pain.  Plaintiffs have also been deprived of the life-long love,

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

60.     The conduct of SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to defendants SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS.

61.     Plaintiffs bring this claim in their individual capacity and seek wrongful death damages under this claim. Plaintiffs seek damages, including for DECEDENT's pain and suffering, loss of earning capacity, and loss of enjoyment of life.  Plaintiffs also seek reasonable costs, funeral and burial expenses, and attorney's fees under 42 U.S.C. § 1988.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability—Failure to Train

### (42 U.S.C. § 1983)

(Plaintiffs H.L. and N.L. v. Defendants COUNTY and DOES 7-10)

62.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 61 of this Complaint with the same force and effect as if fully set forth herein.

63.     The acts of Defendants SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS deprived DECEDENT of and Plaintiffs of their particular rights under the United States Constitution.

64.     Defendants SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS acted under color of law.

65.     On information and belief, Defendants COUNTY and DOES 7-10 failed to properly and adequately train SBCSD DOE DEPUTIES and DOE CORRECTIONAL

Case No.
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

OFFICERS on subject matters including but not limited to the use of force and provision of medical attention.

66.     The training policies of defendant COUNTY were not adequate to train its deputies and correctional officers at the HDDC to handle the usual and recurring situations with which they must deal, including with regard to the use of force when transporting inmates and suspects, medical screening during intake at HDDC, and the provision of prompt and adequate medical care. As stated above, upon arrival to HDDC, DECEDENT was not provided with medical care, nor was she immediately screened by a nurse to evaluate her overall physical fitness for incarceration.  This is a clear violation of the policies of HDDC, and Defendants COUNTY and DOES 7-10 did not adequately train DOES 1-6 with regard to said policies.

67.     Defendants, COUNTY and DOES 7-10 were deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

68.     The failure of Defendants COUNTY and DOES 7-10 to provide adequate training caused the deprivation of the Plaintiffs' and DECEDENT's rights by SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS; that is, Defendants' failure to train is so closely related to the deprivation of Plaintiffs' rights as to be the moving force that caused the ultimate injury.

69.     As a direct and proximate result of the aforementioned conduct, DECEDENT experienced severe pain and suffering, the loss of enjoyment of life, and loss of earning capacity.  As a direct and proximate cause of the acts of SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS, all plaintiffs suffered emotional distress, mental anguish, and pain.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

70.     Accordingly, Defendants are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.  The conduct of SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to defendants DOE DEPUTIES and DOE CORRECTIONAL OFFICERS.

71.     Plaintiffs N.L. and H.L. bring this claim as successors in interest to DECEDENT and seek survival and wrongful death damages under this claim.

72.     Plaintiffs seek damages, including for DECEDENT's pain and suffering, loss of earning capacity, and loss of enjoyment of life.  Plaintiffs also seek reasonable costs, funeral and burial expenses, and attorney's fees under 42 U.S.C. § 1988.

*Continued on following page.*

Case No.
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## SIXTH CLAIM FOR RELIEF

### Municipal Liability—Ratification (42 U.S.C. § 1983)

(Plaintiffs H.L. and N.L. v. Defendants COUNTY and DOES 7-10)

73.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 72 of this Complaint with the same force and effect as if fully set forth herein.

74.     Defendants acted under color of law.

75.     The acts of Defendants SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

76.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS, ratified (or will ratify) Defendants SBCSD DOE DEPUTIES' and DOE CORRECTIONAL OFFICERS' acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) Defendants SBCSD DOE DEPUTIES' and DOE CORRECTIONAL OFFICERS' acts.

77.     Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendants SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS were "within policy."

78.     On information and belief, Defendants SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

79.     As a direct and proximate result of the aforementioned conduct, DECEDENT suffered injuries, including pain and embarrassment and humiliation and then died and lost her earning capacity. Also as a direct and proximate cause of the acts of SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS, all plaintiffs

Case No.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

suffered emotional distress, mental anguish, and pain. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

80.    Accordingly, Defendants COUNTY and DOES 7-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

81.    Plaintiffs N.L. and H.L. bring this claim as successors in interest to DECEDENT and seek survival and wrongful death damages under this claim.

82.    Plaintiffs seek damages, including for DECEDENT's pain and suffering, loss of earning capacity, and loss of enjoyment of life. Plaintiffs also seek reasonable costs, funeral and burial expenses, and attorney's fees under 42 U.S.C. § 1988.

## SEVENTH CLAIM FOR RELIEF

### Municipal Liability—Unconstitutional Custom, Policy, Practice (42 U.S.C. § 1983)

(Plaintiffs H.L. and N.L. v. Defendants)

83.    Plaintiffs re-allege each and every allegation in paragraphs 1 through 82 of this Complaint with the same force and effect as if fully set forth herein. Defendants SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS acted under color of law.

84.    Defendants SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant COUNTY, including an unconstitutional policy of not providing medical care or immediate screening by a nurse to evaluate the overall physical fitness of those in custody for incarceration, as well as a policy of mistreating inmates while transporting them within the HDDC, and a policy of mishandling

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

situations with individuals who suffer from mental health issues such as bipolar disorder.

85.    On information and belief, Defendants SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

86.    Defendants COUNTY, DOES 7-10, SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS, together with other COUNTY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a) Using excessive force when transporting individuals in custody, not providing medical care or immediate screening by a nurse to evaluate the overall physical fitness of those in custody for incarceration, and not providing proper medical attention and care;

(b)  Providing inadequate training regarding the use of force when transporting individuals in custody, not providing medical care or immediate screening by a nurse to evaluate the overall physical fitness of those in custody for incarceration, and not providing proper medical attention and care;

(c)  Employing and retaining as deputy sheriffs and correctional officers at HDDC individuals whom Defendant COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for (1) abusing their authority, (2) using excessive force, including force when transporting suspects in custody, (3) not providing medical care or immediate screening by a nurse to evaluate the overall physical fitness of those in custody for incarceration, and (4) not providing proper medical attention and care;

(d)  Inadequately supervising, training, controlling, assigning, and disciplining COUNTY deputies and other personnel, including Defendants SBCSD DOE

Case No.
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

DEPUTIES and DOE CORRECTIONAL OFFICERS, whom Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e)  Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by COUNTY deputies and HDDC correctional officers;

(f)  Failing to adequately discipline COUNTY deputies and correctional officers for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g)  Announcing that unjustified uses of force and gross failures to provide medical care are "within policy";

(h)  Even where uses of force and/or denials of adequate medical care and medical screening are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i)  Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which deputies and correctional officers do not report other officers' errors, misconduct, or crimes.

87.    By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

88.    Defendants COUNTY and DOES 7-10, together with various other

officials, whether named or unnamed, had either actual or constructive knowledge of
the deficient policies, practices and customs alleged in the paragraphs above.  Despite
having knowledge as stated above, these defendants condoned, tolerated and through
actions and inactions thereby ratified such policies.  Said defendants also acted with
deliberate indifference to the foreseeable effects and consequences of these policies
with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals
similarly situated.

89.    By perpetrating, sanctioning, tolerating and ratifying the outrageous
conduct and other wrongful acts, Defendants COUNTY and DOES 7-10 acted with
intentional, reckless, and callous disregard for the life of DECEDENT and for
DECEDENT's and Plaintiffs' constitutional rights. Furthermore, the policies, practices,
and customs implemented, maintained, and still tolerated by Defendants COUNTY and
DOES 7-10 were affirmatively linked to and were a significantly influential force
behind the injuries of DECEDENT and Plaintiffs.

90.    By reason of the aforementioned acts and omissions, Plaintiffs have
suffered loss of the love, companionship, affection, comfort, care, society, training,
guidance, and past and future support of DECEDENT.  The aforementioned acts and
omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and
death. Accordingly, Defendants COUNTY and DOES 7-10 each are liable to plaintiffs
for compensatory damages under 42 U.S.C. § 1983.

91.    Plaintiffs N.L. and H.L. bring this claim as successors in interest to
DECEDENT and seek survival and wrongful death damages under this claim.

92.    Plaintiffs seek damages, including for DECEDENT's pain and suffering,
loss of earning capacity, and loss of enjoyment of life.  Plaintiffs also seek reasonable
costs, funeral and burial expenses, and attorney's fees under 42 U.S.C. § 1988.

## EIGHTH CLAIM FOR RELIEF

### Violation of Americans with Disabilities Act

(Plaintiffs N.L. and H.L. v. Defendants SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS)

93.    Plaintiffs re-allege each and every allegation in paragraphs 1 through 92 of this Complaint with the same force and effect as if fully set forth herein.

94.    At all relevant times, Defendants COUNTY and DOES 7-10 had an obligation under federal law to provide persons with disabilities with an equal opportunity to benefit from all of its programs, services, and activities.

95.    Defendants failed to reasonably accommodate DECEDENT's disabilities, including her mental health issues and diagnosis of bipolar disorder. Defendants failed establish proper policies and procedures dealing with how to handle persons with disabilities and failed to establish proper training for officers and other employees on how to handle persons with disabilities. Defendants acted with deliberate indifference to a strong likelihood that DECEDENT's federal rights would be violated.

96.    By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death. Accordingly, Defendants are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

97.    Plaintiffs N.L. and H.L. bring this claim as successors in interest to DECEDENT and seek survival and wrongful death damages under this claim.  Plaintiffs seek damages, including for DECEDENT's pain and suffering, loss of earning capacity, and loss of enjoyment of life.  Plaintiffs also seek reasonable costs, funeral and burial expenses, and attorney's fees under 42 U.S.C. § 1988.

# NINTH CLAIM FOR RELIEF

## Negligence—Wrongful Death

### (All Plaintiffs v. All Defendants)

98.    Plaintiffs re-allege each and every allegation in paragraphs 1 through 97 of this Complaint with the same force and effect as if fully set forth herein.

99.    SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS were charged with a duty to use reasonable care to prevent harm or injury to others. This duty includes providing prompt and adequate medical care individuals in their custody, identifying and handling medical and mental health issues, screening inmates for physical fitness for incarceration, and not causing injury to persons in their custody during transport to and within facilities.

100.    Defendants SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS breached their duty of care.  The actions and inactions of Defendants SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS were negligent and reckless, including but not limited to: the negligent tactics and handling of the situation with DECEDENT, including dumping her roughly from the wheelchair onto the floor of the holding cell, failing to identify serious medical and mental health issues, and failing to provide prompt medical care to DECEDET. Moreover, COUNTY and DOES 7-10 failed to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT.

101.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died.  Also as a direct and proximate result of defendants' conduct as alleged above, plaintiffs have suffered emotional distress and mental anguish.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and

will continue to be so deprived for the remainder of their natural lives.

102.    The COUNTY is vicariously liable for the wrongful acts of defendants DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject her or her to liability.

103.    Plaintiff STOFFLET brings this claim in her individual capacity and seeks survival and wrongful death damages under this claim.

104.    Plaintiffs N.L. and H.L. bring this claim as successors in interest to DECEDENT and seek survival and wrongful death damages under this claim.

105.    Plaintiffs seek damages, including for DECEDENT's pain and suffering, loss of earning capacity, and loss of enjoyment of life.  Plaintiffs also seek reasonable costs, funeral and burial expenses, and attorney's fees under 42 U.S.C. § 1988.

### TENTH CLAIM FOR RELIEF

### Battery

(All Plaintiffs v. Defendants COUNTY, SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS)

106.    Plaintiffs re-allege each and every allegation in paragraphs 1 through 106 of this Complaint with the same force and effect as if fully set forth herein.

107.    DEFENDANTS SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS, while acting within the course and scope of their employment with the COUNTY, committed battery upon DECEDENT by allowing her feet to drag on the floor when they transported her in a wheelchair in an unconscious or semi-conscious state, by carelessly and roughly dumping her onto the floor of the holding cell at HDDC, and by subjecting her to blood draws and ammonia sticks without her consent when she was in an unconscious or semi-conscious state.  As a result of the actions of

defendants, DECEDENT suffered severe pain and suffering, loss of enjoyment of life, and earning capacity.  Defendants had no legal justification for using force against plaintiff, and the use of force was unreasonable and non-privileged.

108.   As a result of their misconduct, Defendants are liable for the battery upon DECEDENT, either because they were integral participants in the battery, or because they failed to intervene to prevent these violations.

109.   COUNTY is vicariously liable for the wrongful acts of DOE DEPUTIES and DOE CORRECTIONAL OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

110.   The conduct of Defendants DOE DEPUTIES and DOE CORRECTIONAL OFFICERS was willful, wanton, malicious, and done with an evil motive and intent and a willful disregard for the rights and safety of plaintiff and therefore warrants the imposition of exemplary and punitive damages.

111.   Plaintiff STOFFLET brings this claim in her individual capacity and seeks survival and wrongful death damages under this claim.

112.   Plaintiffs N.L. and H.L. bring this claim as successors in interest to DECEDENT and seek survival and wrongful death damages under this claim.

113.   Plaintiffs seek damages, including for DECEDENT's pain and suffering, loss of earning capacity, and loss of enjoyment of life.  Plaintiffs also seek reasonable costs, funeral and burial expenses, and attorney's fees under 42 U.S.C. § 1988.

## ELEVENTH CLAIM FOR RELIEF

### Violation of Bane Civil Rights Act (Cal. Civ. Code § 52.1)

(Plaintiffs H.L. and N.L. v. Defendants COUNTY, SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS)

114.   Plaintiffs re-allege and incorporates by reference paragraphs 1 through 113 of this complaint.

115.   California Civil Code Section 52.1 (the Bane Act) prohibits any person from interfering or attempting to interfere by threats, intimidation, or coercion with any individual's exercise of their constitutional or other rights.

116.   On information and belief, Defendants DOE DEPUTIES and DOE CORRECTIONAL OFFICERS, while working for the COUNTY, and acting within the course and scope of their duties, intentionally committed acts of violence against DECEDENT, including dumping her onto the floor of the holding cell and then denying her necessary and adequate medical attention without justification or excuse and by integrally participating and failing to intervene in the above violence. It was not necessary to use force against DECEDENT while transporting her to the holding cell.

117.   Defendants interfered with DECEDENT's civil rights and deprived DECEDENT of her rights to be free from unreasonable searches and seizures and excessive force, to due process, to equal protection of the laws, to medical care, and to be free from state actions that shock the conscience, and to life, liberty, and property.

118.   On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising her civil rights, to retaliate against her for invoking such rights, or to prevent her from exercising such rights, which she was fully entitled to enjoy.

119.   On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants DOE DEPUTIES and DOE

Case No.

CORRECTIONAL OFFICERS were intended to discourage her from exercising her civil rights, to retaliate against her for invoking such rights, or to prevent her from exercising such rights.

120.   Conduct that violates the Fourth Amendment violates the California Bane Act.[1]  Accordingly, Defendants' use of unlawful force against DECEDENT during her transport by wheelchair within the HDDC in and of itself constitutes threat, intimidation, or coercion.

121.   The conduct of defendants was a substantial factor in causing Plaintiffs' and DECEDENT's harms, losses, injuries, and damages. As a direct and proximate result of the negligent conduct, DECEDENT sustained injuries, suffered emotional distress, and lost his life and earning capacity.

122.   Defendant COUNTY is vicariously liable for the wrongful acts of DOE DEPUTIES and DOE CORRECTIONAL OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

123.   Under the provisions of California Civil Code §52(b), Defendants are liable for reasonable attorney's fees and a civil penalty of $25,000.00.

124.   Plaintiffs N.L. and H.L. bring this claim as successors in interest to DECEDENT and seek survival and wrongful death damages under this claim.

125.   Plaintiffs seek damages, including for DECEDENT's pain and suffering, loss of earning capacity, and loss of enjoyment of life.  Plaintiffs also seek reasonable costs, funeral and burial expenses, and attorney's fees under 42 U.S.C. § 1988.

---

[1] *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. May 19, 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013).

Case No.
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## TWELFTH CLAIM FOR RELIEF

### Professional Negligence—Medical Malpractice

(All Plaintiffs against All Defendants)

126.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1
through 125 of this Complaint with the same force and effect as if fully set forth herein.

127.   Defendants negligently failed to exercise the proper degree of knowledge,
skill, and competence in examining, diagnosing, treating, and caring for DECEDENT,
including but not limited to: the failure to conduct a proper medical assessment of
DECEDENT; the failure to summon immediate emergency medical assistance for
Decedent; the assignment of DECEDENT to a sobering cell; and the failure to
adequately monitor and supervise DECEDENT and DOE CORRECTIONAL
OFFICERS' supervision of DECEDENT.

128.   As a direct and proximate result of the aforementioned conduct,
DECEDENT suffered injuries, including pain and suffering, embarrassment and
humiliation and then died and lost her earning capacity. Also as a direct and proximate
cause of the acts of SBCSD DOE DEPUTIES and DOE CORRECTIONAL
OFFICERS, all plaintiffs suffered emotional distress, mental anguish, and pain.
Plaintiffs have also been deprived of the life-long love, companionship, comfort,
support, society, care, and sustenance of DECEDENT, and will continue to be so
deprived for the remainder of their natural lives.

129.   Defendant COUNTY is vicariously liable for the wrongful acts of DOE
DEPUTIES and DOE CORRECTIONAL OFFICERS pursuant to section 815.2(a) of
the California Government Code, which provides that a public entity is liable for the
injuries caused by its employees within the scope of employment if the employee's act
would subject him or her to liability.

130.   The conduct of DOES 1-10 was malicious, wanton, oppressive, and

accomplished with a conscious disregard for the rights of Decedent and Plaintiffs, entitling Plaintiffs to an award of exemplary and punitive damages.

131.    Plaintiff STOFFLET brings this claim in her individual capacity and seeks survival and wrongful death damages under this claim.

132.    Plaintiffs N.L. and H.L. bring this claim as successors in interest to DECEDENT and seek survival and wrongful death damages under this claim.

133.    Plaintiffs seek damages, including for DECEDENT's pain and suffering, loss of earning capacity, and loss of enjoyment of life.  Plaintiffs also seek reasonable costs, funeral and burial expenses, and attorney's fees under 42 U.S.C. § 1988.

## THIRTEENTH CLAIM FOR RELIEF

### Failure to Summon Medical Care (CAL. GOV'T. CODE § 845.6)

(All Plaintiffs against All Defendants)

134.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 133 of this Complaint with the same force and effect as if fully set forth herein.

135.    DOE DEPUTIES and DOE CORRECTIONAL OFFICERS knew or had reason to know that DECEDENT was in need of immediate medical care and yet failed to take reasonable action to summon such medical care, and to provide adequate medical screening for fitness for incarceration.

136.    As a direct and proximate result of the aforementioned conduct, DECEDENT suffered injuries, including pain and embarrassment and humiliation and then died and lost her earning capacity. Also as a direct and proximate cause of the acts of SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS, all plaintiffs suffered emotional distress, mental anguish, and pain.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and

sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

137.   COUNTY is vicariously liable for the wrongful acts of their employees, including DOE DEPUTIES and DOE CORRECTIONAL OFFICERS, pursuant to Section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

138.   The conduct of DOE DEPUTIES and DOE CORRECTIONAL OFFICERS and HDDC was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT and Plaintiffs, entitling Plaintiffs to an award of exemplary and punitive damages.

139.   Plaintiff STOFFLET brings this claim in her individual capacity and seeks survival and wrongful death damages under this claim.

140.   Plaintiffs N.L. and H.L. bring this claim as successors in interest to DECEDENT and seek survival and wrongful death damages under this claim.

141.   Plaintiffs seek damages, including for DECEDENT's pain and suffering, loss of earning capacity, and loss of enjoyment of life.  Plaintiffs also seek reasonable costs, funeral and burial expenses, and attorney's fees under 42 U.S.C. § 1988.

Case No.
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Maria Stofflet, H.L., and N.L. request entry of judgment in their favor and against defendants San Bernardino County and Does 1-10, inclusive, as follows:

A.    For compensatory damages and whatever other amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

B.    For funeral and burial expenses, and loss of financial support;

C.    For pre-death pain and suffering, and loss of enjoyment of life according to proof at trial;

D.    For punitive damages against the individual defendants in an amount to be proven at trial;

E.    For statutory damages;

F.    For interest;

G.    For reasonable attorneys' fees, including litigation expenses;

H.    For costs of suit; and

I.    For such further other relief as the Court may deem just, proper, and appropriate.

Dated: January 15, 2018                    THE LAW OFFICES OF DALE K. GALIPO

By:    _____/s/_____

                                               Dale K. Galipo
                                               *Attorneys for Plaintiffs*

                                                              Case No.
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Dated: January 15, 2018          LAW OFFICE OF SHARON J. BRUNNER

By:      /s/
        _____
        Sharon J. Brunner
        *Attorneys for Plaintiffs*

Dated: January 15, 2018          LAW OFFICE OF JAMES S. TERRELL

By:      /s/
        _____
        JAMES S. TERRELL
        *Attorneys for Plaintiffs*

Case No.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues.

Dated: February 5, 2018                    THE LAW OFFICES OF DALE K. GALIPO

                                           By:    _/s/  Dale K. Galipo_
                                                  Dale K. Galipo
                                                  *Attorneys for Plaintiffs*

Dated: February, 5, 2018                   LAW OFFICE OF SHARON J. BRUNNER

                                           By:    _/s/  Sharon J. Brunner_
                                                  Sharon J. Brunner
                                                  *Attorneys for Plaintiffs*

Dated: February 5, 2018                    LAW OFFICE OF JAMES S. TERRELL

                                           By:    _/s/   James S. Terrell_
                                                  JAMES S. TERRELL
                                                  *Attorneys for Plaintiffs*

Case No.
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL